**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ELVIN SCOTT                                                                            PLAINTIFF
ADC #158250

v.                                          4:20-cv-00833-LPR-JJV

HEFLIN, *et al.*                                                              DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Elvin Scott ("Plaintiff") is currently incarcerated at the Omega Center of the Arkansas

Department of Corrections ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983.

(Doc. No. 2.)   His claims arise from the time he was incarcerated in the Pope County Detention

Center.   (*Id.*)   According to Plaintiff, he was arrested on May 28, 2020 and taken to the Detention

Center.   (*Id.* at 4.)   He asserts that "[u]pon book-in [his] property consisted of 1 pair of jeans, 1

boxers, 1 wallet, 1 belt, 1 shirt, 1 socks, 1 tank top, 2 sets of keys, 1 do-rag, 2 plastic bracelets (one

blk-red), 1 pair [of] shoes Jordans, 1 iphone 6S plus (silver w/red casing)."   (*Id.*)   Plaintiff was then

"given a 90 day TVP to be completed at Omega."   (*Id.*)   On the day he was transported to Omega,

Plaintiff maintains he observed Defendant Heflin take Plaintiff's iphone 6S "and slide it in between

books that was on a shelf that was positioned behind him."   (*Id.*)   Plaintiff says he asked Defendant

Heflin what he did with the phone; Defendant Heflin responded he put it in the paper bag that was

being sent with Plaintiff.   (Doc. No. 2 at 4-5, 6.)

Plaintiff maintains he asked a captain and transport officer to be sure his phone was in the

bag, and Plaintiff was assured it was there.   (*Id.* at 5.)   Once he arrived at the Omega Center,

however, Plaintiff discovered his iphone was not in the paper bag.   (*Id*. at 5, 6.)   Plaintiff sued Pope

County Detention Center Correctional Officer Heflin, Pope County Sheriff Shane Jones, Detention

Center Administrator Rowdy Sweet, and an unidentified captain and transport officer in connection

with the alleged theft of his phone; he sued all Defendants in their personal capacities only.   (*Id*. at

1-2.)   Plaintiff seeks damages, among other relief.   (*Id*. at 6, 7.)

For the reasons set out below, I recommend Plaintiff's claims be dismissed for failure to state

a claim on which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C.

§ 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."   *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in

favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d)

frivolousness determination, frequently made *sua sponte* before the defendant has even been asked

to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."   *Id*.

But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege

specific facts sufficient to state a claim.   *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

Plaintiff brought suit under 42 U.S.C. § 1983.   (Doc. No. 2 at 1.)   To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.   *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1.    Defendant Heflin

Plaintiff alleges Defendant Heflin took Plaintiff's iphone during preparation for his transfer to the Omega Unit and the phone was not with Plaintiff's belongings when he arrived at Omega— an alleged deprivation of property without due process.   In *Hudson v. Palmer*, the United States Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."   468 U.S. 517, 533 (1984).   Because Plaintiff alleged Defendant Heflin intentionally took his phone, the holding of the Supreme Court in *Hudson* is applicable to Plaintiff's claims.

The question, then, is whether Arkansas provides an adequate post-deprivation remedy. Arkansas does.   The Court of Appeals for the Eighth Circuit has recognized Arkansas's post-

deprivation remedies for inmates asserting the wrongful taking of personal property: conversion and a motion under the Arkansas Rules of Criminal Procedure. *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished). "Conversion is a common-law tort action for the wrongful possession or disposition of another's property." *Hartness v. Nuckles*, 2015 Ark. 444, 9 (2015) (internal citations omitted). To state a conversion claim, a plaintiff must establish that "the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights." *Id*. Plaintiff's allegations squarely fall under a claim for conversion. Further, Rule 15 of the Arkansas Rules of Criminal Procedure provides that a motion may be filed seeking the return of seized property without abrogating other civil remedies. ARK. R. CRIM. P. 15.2; ARK. R. CRIM. P. 15.5. Because Arkansas offers a meaningful post-deprivation remedy, Plaintiff's § 1983 claim for the loss of his personal property fails.

### 2.      Doe Defendants

Plaintiff alleged the Doe Defendants assured Plaintiff his iphone was in the bag with his other belongings. To the extent Plaintiff asserts the Doe Defendants played a role in the taking of Plaintiff's personal property, his claim against the Doe Defendants fails for the same reasons explained above.

### 3.      Defendants Jones and Sweet

Plaintiff names Sheriff Shane Jones and Rowdy Sweet as Defendants, but he makes no allegations against either of them. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678. As mentioned above, to establish liability in a § 1983 case a plaintiff must allege that each defendant, through that individual's own actions, violated federally-protected rights. *Parrish*, 594 F.3d at 1001. And to the extent Plaintiff's claims against these Defendants may be based on *respondeat superior*, vicarious liability

5

is inapplicable in § 1983 suits.    *Id.*    Because he made no allegations against Defendants Jones and

Sweet, Plaintiff failed to state a claim against either of those Defendants.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's claims be DISMISSED without prejudice for failure to state a claim upon

which relief may be granted;

2.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED;

3.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations and the accompanying Judgment would not

be taken in good faith.

DATED this 15th day of July 2020.

.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE